[No. 1270.]

THE STATE OF NEVADA ex rel. E. P. WILKINS, Relator, *v.* J. F. HALLOCK, STATE CONTROLLER, Respondent.

GENERAL APPROPRIATION ACTS, CONSTRUED—DUTY OF STATE CONTROLLER—MANDAMUS DENIED.—The general appropriation acts passed at each biennial session of the legislature are confined to the purpose of carrying on the state government for two years, and are limited to that time, and to the liabilities incurred during these years. The unexpended balances against which no warrants have been drawn are considered as having lapsed and are carried to the general fund of the treasury. *Held,* that the controller properly refused to settle a liability incurred during the twenty-second fiscal year from a fund appropriated for the support of the government during the twenty-third and twenty-fourth fiscal years. *Mandamus* denied.

APPLICATION for *mandamus.*

The facts are stated in the opinion.

*Trenmor Coffin,* for Relator.

*J. F. Alexander,* Attorney-General, for Respondent.

By the Court, BELKNAP, J.:

The statute entitled "An act to authorize and require the payment of rewards in certain cases," (Gen. Stat. 1918), requires the governor of the state to offer a standing reward of two hundred and fifty dollars for the arrest of each person engaged in robbery upon the highway. The reward is payable upon the conviction of the person or persons arrested. During the year 1885, the relator arrested two persons in the act of committing a robbery upon the highway. They were convicted of the offense within the same year. In the year 1887 he presented his claim for the sum of five hundred dollars for the services, to the state board of examiners. The claim was allowed. The controller

refuses to issue his warrant for the amount. It is his duty to issue it, if there is a fund in the state treasury subject to its payment.

It is claimed that the sum of two thousand dollars, appropriated for the payment of rewards offered by the governor, and found in section 28 of the general appropriation bill, is applicable to the payment of the claim. (Stat. 1887, 114.) By the first section of this law it will be seen that the appropriations therein made are for the various . purposes mentioned, "and for the support of the government of the state of Nevada, for the twenty-third and twenty-fourth fiscal years." At each biennial session the legislature appropriates money for the purpose of carrying on the government for the two years then running. The appropriating clause employed in bills of this character is uniformly the same, in form, as that above quoted. The fiscal officers of the state government have uniformly construed these laws, by usage, as intending an appropriation for the limited time only; that is to say, the appropriation is to meet, within the named fiscal years, the liabilities incurred during these years. Unexpended balances against which no warrants have been drawn are considered as having lapsed, and are carried to the general fund of the treasury. This manner of treating appropriations made for the support of the civil government is known to the legislature from the annual reports of the controller, submitted at each session for its information, (Gen. Stat. 1809), and presumably becomes known to the members in apportioning the revenues of the state, and informing themselves concerning the general transactions of the controller's office. The legislature has acquiesced in and sanctioned this construction, by employing the same general language in the appropriating clause at each successive session, and by the enactment of special deficiency bills in cases where the liabilities contracted for the particular purpose, and within the given period, exceed the amount of the appropriation.

Obeying the intention of the legislature, the controller properly refused to settle a liability incurred during the twenty-second fiscal year from a fund appropriated for the support of the government during the twenty-third and twenty-fourth fiscal years. *Mandamus* denied.